# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

    v.                                                                             **CR. NO. 13-945 M (JMF)**

**JESSE RYAN LOSKARN,**

    **Defendant.**

## MEMORANDUM

    I file this brief memorandum to explain why I believe that the defendant's enrollment in the High Intensity Supervision Program and the prohibition I have placed on his use of the Internet will reduce to a tolerable risk the danger he presents.

    Defendant is accused of downloading child pornography. While that is, to put it mildly, a dangerous crime involving the recorded sexual exploitation of children and the government has what appears to be a very strong case, I have prohibited the defendant's use of the Internet. He will be required to live with his parents, whom I met during the hearing. They explained to me that the only devices in their home capable of connecting with the Internet are their IPADs, which are password protected. They further assured me that they would not share their passwords with their son. Moreover, the defendant, an education man who held a senior staff position in the United States Senate, surely appreciates now, if he did not appreciate it before, how law enforcement can track those who download child pornography from the Internet. I concluded, therefore, that the risk of his resuming the downloading of child pornography is not great.

    Finally, I note that the defendant consents to this prohibition and it is being imposed on a pre-trial basis pending the resolution of the case. I therefore find this situation distinguishable

from the absolute prohibition on the use of the Internet as a condition of supervised release, which the court of appeals set aside in United States v. Malenya, 736 F.3d 554 (D.C. Cir. 2013).

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE